

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00475-CV

_____

LARRY JOE MORGAN, Appellant

V.

GOVERNOR GREG ABBOTT, JUDGE GEORGE GALLAGHER, DAVID C. HAGERMAN, BENSON VARGHESE, SHAREN WILSON, WILLIAM STANLEY HARRIS, JUSTICE JAMES T. CAMPBELL, JUSTICE MACKEY HANCOCK, JUSTICE PATRICK A. PIRTLE, JUDGE JOHN P. CHUPP, LISA MORTON, AND WALWORTH BURGE, M.D., Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-306563-19

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Larry Joe Morgan filed a notice of appeal from the trial court's final judgment dismissing his claims against Appellees and ordering that he take nothing on his claims. However, Appellant is on the list of vexatious litigants subject to prefiling orders that is compiled by the Office of Court Administration of the Texas Judicial System. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.104; *see generally* http://www.txcourts.gov/judicial-data/vexatious-litigants. A clerk of a court may not file an appeal presented, pro se, by a vexatious litigant who is subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103.

On January 10, 2020, we notified Appellant that he had not provided this court with an order from the local administrative judge permitting the filing of this appeal. We cautioned Appellant that we would dismiss this appeal unless he provided this court with such an order on or before January 30, 2020. In response to our notice, we received "Appellant's Second Motion for Appeal." In that document, Appellant asserts that he had objected in the trial court to the appointment of a visiting judge to hear various motions filed by the parties, including Appellees' motions to dismiss. He has not, however, provided this court with an order permitting him to file this appeal. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 42.3, 43.2(f).

Per Curiam

Delivered: April 30, 2020